IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERIK MALDONADO,

       Plaintiff,

v.                                 CASE NO. 1:18-cv-139-MW-GRJ

SGT. LYNN, et al.,

       Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case on July 16, 2018, by filing ECF No. 1, a *pro se* motion for a temporary restraining order enjoining Defendants from having contact with Plaintiff. On July 25, the Court struck the motion and ordered Plaintiff to file a complaint on the Court-approved form for *pro se* prisoner litigants and to either pay the $400.00 filing fee or file a completed motion for leave to proceed as a pauper on or before August 20. ECF No. 3.

On August 14, Plaintiff filed a letter, which the Court construes as a Motion for an Extension of Time, seeking a ten, fifteen, or twenty-day extension of time to comply with the Court's July 25 order. ECF No. 4. In the Motion, Plaintiff further states that he submitted two different grievances

about the conduct giving rise to this lawsuit on August 10 and August 13.

*Id.* at 1.

Under the Prison Litigation Reform Act ("PLRA"):

No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal court." *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The word "brought" in § 1997e(a) "refer[s] to the filing or commencement of a lawsuit, not to its continuation." *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000). In other words, "prisoners must exhaust any administrative remedies available to them *before* filing a suit in federal court based on violations of constitutional rights." *Miller v. Tanner*, 196 F.3d 1190, 1192–93 (11th Cir.1999) (emphasis added).

Based on Plaintiff's statement that he submitted grievances on August 10 and 13, it is clear that Plaintiff did not exhaust his grievances *before* filing his suit in federal court, as required by § 1997e. Therefore, Plaintiff's failure to administratively exhaust the claims in the complaint

before filing this case provides grounds for dismissal without prejudice.

Plaintiff may file a new complaint alleging a violation of his rights after he

exhausts his claims.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Extension of

Time, ECF No. 4, is **DENIED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that

this case should be **DISMISSED without prejudice** for failure to exhaust

administrative remedies before filing the case.

**IN CHAMBERS** this 20th day of August 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations
must be filed within fourteen (14) days after being served a copy
thereof. Any different deadline that may appear on the electronic
docket is for the court's internal use only, and does not control. A
copy of objections shall be served upon all other parties. If a party
fails to object to the magistrate judge's findings or recommendations
as to any particular claim or issue contained in a report and
recommendation, that party waives the right to challenge on appeal
the district court's order based on the unobjected-to factual and legal
conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**